UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

RYAN MCKENDRY-VERHUNCE,

Plaintiff,

v.

STATE OF NEVADA,

Defendant.

Case No. 3:23-cv-00333-ART-CSD

ORDER

Plaintiff Ryan McKendry-Verhunce initiated this action with an incomplete application to proceed *in forma pauperis*. (ECF No. 1). McKendry-Verhunce did not file a complaint. On July 21, 2024, this Court ordered McKendry-Verhunce to file a fully complete application to proceed *in forma pauperis* or pay the full $402 filing fee on or before September 19, 2023. (ECF No. 3). The Court also ordered Plaintiff to file a complaint by that date.  The Court warned McKendry-Verhunce that the action could be dismissed if he failed to file a fully complete application to proceed *in forma pauperis,* or pay the full $402 filing fee for a civil action, and file a complaint by that deadline.  (*Id.* at 2).  That deadline expired and McKendry-Verhunce did not file a fully complete application to proceed *in forma pauperis,* pay the full $402 filing fee, file a complaint or otherwise respond.

**I.    DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles,* 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King,* 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service,* 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to

1    dismiss an action on one of these grounds, the Court must consider: (1) the

2    public's interest in expeditious resolution of litigation; (2) the Court's need to

3    manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

4    favoring disposition of cases on their merits; and (5) the availability of less drastic

5    alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217,

6    1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th

7    Cir. 1987)).

8         The first two factors, the public's interest in expeditiously resolving this

9    litigation and the Court's interest in managing its docket, weigh in favor of

10   dismissal of McKendry-Verhunce's claims. The third factor, risk of prejudice to

11   defendants, also weighs in favor of dismissal because a presumption of injury

12   arises from the occurrence of unreasonable delay in filing a pleading ordered by

13   the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524

14   (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases

15   on their merits—is greatly outweighed by the factors favoring dismissal.

16        The fifth factor requires the Court to consider whether less drastic

17   alternatives can be used to correct the party's failure that brought about the

18   Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983,

19   992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before*

20   the party has disobeyed a court order does not satisfy this factor); *accord*

21   *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that

22   "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted

23   pursuit of less drastic alternatives prior to disobedience of the court's order as

24   satisfying this element[,]" *i.e.,* like the "initial granting of leave to amend coupled

25   with the warning of dismissal for failure to comply[,]" have been "eroded" by

26   *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally

27   dismissing a case, but must explore possible and meaningful alternatives."

28   *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this action

1    cannot realistically proceed until and unless McKendry-Verhunce files a

2    complaint and either files a fully complete application to proceed *in forma*

3    *pauperis* or pays the $402 filing fee for a civil action, the only alternative is to

4    enter a second order setting another deadline. But the reality of repeating an

5    ignored order is that it often only delays the inevitable and squanders the Court's

6    finite resources. The circumstances here do not indicate that this case will be an

7    exception:  there is no hint that McKendry-Verhunce] needs additional time or

8    evidence that he did not receive the Court's order.  Setting a second deadline is

9    not a meaningful alternative given these circumstances. So the fifth factor favors

10   dismissal.

11   **II.    CONCLUSION**

12          Having thoroughly considered these dismissal factors, the Court finds that

13   they weigh in favor of dismissal. It is therefore ordered that this action is

14   dismissed without prejudice based on McKendry-Verhunce's failure to file a

15   complaint and file a fully complete application to proceed *in forma pauperis* or

16   pay the full $402 filing fee in compliance with this Court's July 21, 2023, order.

17   The Clerk of Court is directed to enter judgment accordingly and close this case.

18   No other documents may be filed in this now-closed case. If McKendry-Verhunce

19   wishes to pursue his claims, he must file a complaint in a new case.

20

21

            DATED THIS 24th day of October 2023.

22

23

24                                     _____
                                       ANNE R. TRAUM
25                                     UNITED STATES DISTRICT JUDGE

26

27

28